**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF KANSAS**

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | **CRIMINAL ACTION** |
| ) | |
| v. ) | No.  05-10121-15-MLB |
| ) | |
| CHRISTIAN D. WEBER, ) | |
| ) | |
| Defendant. ) | |

**MEMORANDUM AND ORDER**

**I.   INTRODUCTION**

Christian Weber was one of ten defendants indicted on November 16, 2005 for conspiracy to distribute methamphetamine, possession with intent to distribute methamphetamine, using a communication facility to violate 21 U.S.C. §§ 841(a)(1) and 846. (Doc. 14).[1]  Weber claims that since his initial appearance before the court, he has remained in custody for a length of time beyond that proscribed by the Speedy Trial Act, 18 U.S.C. § 3161 et seq.  (Doc. 107).  Weber has also appealed Magistrate Bostwick's detention order.  (Doc. 118).  This case is currently before the court upon defendant's motion to dismiss the indictment and revoke or amend the detention order (Docs. 107, 118).  For the reasons stated, defendant's motions are DENIED.

**II.   ANALYSIS**

   **A.   Speedy Trial Act**

"The Speedy Trial Act [in 18 U.S.C. § 3161] requires that the

---

[1] The superseding indictment (Doc. 14) has now been superseded. (Doc. 111).  The second superseding indictment contains fifteen defendants.  The second superseding indictment contains additional counts against defendant for possession of a firearm and ammunition.

trial of a criminal defendant commence within seventy days of the filing of the indictment, or from the date that the defendant first appears before a judicial officer, whichever is later." United States v. Gomez, 67 F.3d 1515, 1519 (10th Cir. 1995); see also United States v. Lugo, 170 F.3d 996, 1001 (10th Cir. 1999). This rule is subject to multiple exceptions rendering excludable any time required to determine defendant's mental competency, to adjudicate defendant's pretrial motions, or to transport defendant to a place of examination except when delays in transportation exceed ten days. See 18 U.S.C. § 3161(h) (listing excludable delay). Defendant's remedy for a violation of § 3161 requires dismissal of the indictment, with or without prejudice. See 18 U.S.C. § 3162(a)(2) (stating that a violation requires dismissal and noting factors to aid the court in determining whether to dismiss with or without prejudice); see also United States v. Jones, 213 F.3d 1253, 1256 (10th Cir. 2000) (affirming the district court's dismissal of the indictment without prejudice after a violation of the Speedy Trial Act).

To determine whether defendant's length of time in custody violated his rights under § 3161, the court must first decide when the seventy-day clock began to tick. Prior to the case currently before the court, defendant was indicted in 05-10079 on May 3, 2005. (Case No. 05-10079, Doc. 1). Defendant's initial appearance occurred on May 6. The relevant time period for analysis under § 3161 begins when an indictment is filed, or when the defendant first appears before a judicial officer, whichever is later. See 18 U.S.C. § 3161(c)(1). At that time, however, the government moved for an order of detention. "[D]elay resulting from any pretrial motion, from the filing of the

-2-

motion through the conclusion of the hearing on . . . such motion" is excludable.  18 U.S.C. § 3161(h)(1)(F).  On May 9, 2005, the court ordered defendant detained. Defendant's nonexcludable time thus began on May 10.  On May 27, defendant moved for reconsideration of the detention order.  (Case No. 05-10079, Doc. 12).  The filing of the motion stopped the clock for speedy trial purposes. See Henderson v. United States, 476 U.S. 321, 330 (1986) ("Congress intended . . . to exclude from the Speedy Trial Act's 70-day limitation all time between the filing of a motion and the conclusion of the hearing on that motion, whether or not a delay in holding that hearing is 'reasonably necessary.'") The motion was not ruled on and the case was dismissed on June 3. Accordingly, the total amount of nonexcludable days during case 05-10079 was seventeen (17).

Defendant was subsequently indicted in the current case on November 16, 2005.  Defendant argues that the nonexcludable time period started on defendant's first appearance before the court on December 6, 2005 (Doc. 107, p. 5).  The United States contends, however, that the period from December 6 to December 12 was excludable since a co-defendant, Maria Delsocorro, filed an appeal of her detention order with this court. Both parties agree the time period of December 13 until January 5, 2006 was nonexcludable.  The government contends that the excludable time again began on January 6, when Delsocorro moved for a continuance.  The government asserts that the excludable time has continued since the court granted the motion to continue on January 25.  (Doc. 105).  Defendant, however, asserts that the excludable time contributed to his co-defendants is not attributable to him since defendant did not join in the motions.

-3-

If defendant's co-defendants' excludable time is attributed to him, than the nonexcludable days would total forty (40).  However, if those days cannot be attributed to defendant, than the nonexcludable days would total ninety-four (94).

The relevant part of 18 U.S.C. § 3161 reads in full:

> (h) The following periods of delay shall be excluded in computing the time within which an information or an indictment must be filed, or in computing the time within which the trial of any such offense must commence:
>
> (7) A reasonable period of delay when the defendant is joined for trial with a codefendant as to whom the time for trial has not run and no motion for severance has been granted.

The Tenth Circuit has instructed that "[t]he question in examining an exclusion under § 3161(h)(7) is whether the delay attributable to the codefendant is "'reasonable.'" United States v. Vogl, 374 F.3d 976, 983-84 (10th Cir. 2004).  To make this determination, the district court must examine all relevant circumstances, which include: "(1) whether the defendant is free on bond, (2) whether the defendant zealously pursued a speedy trial, and (3) whether the circumstances further the purpose behind the exclusion to accommodate the efficient use of prosecutorial and judicial resources in trying multiple defendants in a single trial." Id. at 984.

While defendant is not free on bond, he has failed to zealously pursue a speedy trial.  Defendant has not moved for severance from his codefendants, but has merely filed this motion. See United States v. Tranakos, 911 F.2d 1422, 1426 (10th Cir. 1990).  In reviewing the third factor, the inquiry is heavily factual. Vogl, 374 F.3d at 984. The Tenth Circuit has instructed that the court must consider whether

-4-

"the government will recite a single factual history, put on a single array of evidence, and call a single group of witnesses." Id.

This case is comprised of fifteen defendants and a total of forty-five counts. The second superseding indictment alleges that defendant Medina-Montes was the organizer of a criminal conspiracy to distribute methamphetamine. (Doc. 111). Defendant was one member of the conspiracy. While defendant is only charged in ten of the forty-one counts, he is named in an additional eight counts as the subject of a number of telephone calls conducted by his alleged codefendants. The court granted the motion for a continuance, filed by eight defendants,[2] after finding that the evidence consisted of several thousand calls intercepted by an authorized wiretap and the majority of those calls were in Spanish and required translation. (Doc. 105). Defense counsel sought the continuance in order to adequately investigate the evidence. Based on the information presented in the second superseding indictment and at the hearing on the motion for a continuance, the court has determined that the efficient use of prosecutorial and judicial resources is in trying these defendants in a single trial. Moreover, this case is currently set for trial on May 16 and no defendant has sought a continuance of that trial date.

The court concludes that attributing the excluable time of the co-defendants to defendant is reasonable under section 3161(h)(7). Therefore, because no Speedy Trial Act violation has occurred in the prosecution of Delsocorro, none has occurred in the prosecution of

---

[2] At the time the court heard the motion for continuance, the case only included ten defendants. Out of those defendants, eight of the ten moved for a continuance. See Doc. 105.

defendant.  Defendant's motion to dismiss (Doc. 107) is denied.

**B.   Detention Order**

By statute, 18 U.S.C. § 3145(b), a defendant detained by a magistrate judge may seek review before the district court having original jurisdiction of the charged offense.  This is a de novo review of the magistrate judge's order.  <u>United States v. Lutz</u>, 207 F. Supp.2d 1247, 1251 (D. Kan. 2002).  The district court decides both the facts and the propriety of detention anew without deference to the magistrate judge's findings.  <u>Id.</u>  De novo review does not require a de novo evidentiary hearing.  <u>Id.</u>

Under the Bail Reform Act of 1984, 18 U.S.C. § 3141 et seq., the court must order an accused's pretrial release, with or without conditions, unless it "finds that no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of any other person and community." <u>See</u> 18 U.S.C. § 3142(b), (c), and (e).  The government must prove dangerousness to any other person or the community by clear and convincing evidence.  <u>United States v. Burks</u>, 141 F. Supp.2d 1283, 1286 (D. Kan. 2001). In making this determination, the court is to consider "the available information" on the following four factors: the nature and circumstances of the offense, including whether the offense is a crime of violence or involves a narcotic drug; the weight of the evidence; the history and characteristics of the person; and the nature and seriousness of the danger to any person or the community posed by a release on conditions.  18 U.S.C. § 3142(g).

The Bail Reform Act, specifically 18 U.S.C. § 3142(e), recognizes a rebuttable presumption of risk of flight or danger to the community

upon a finding "that there is probable cause to believe that the person committed an offense for which a maximum term of imprisonment of ten years or more is prescribed by the Controlled Substances Act (21 U.S.C. §§ 801 et seq.),. . . ." A grand jury indictment charging such an offense is enough to trigger this presumption. United States v. Stricklin, 932 F.2d 1353, 1355 (10th Cir. 1991); United States v. Walters, 89 F. Supp.2d 1217, 1220 (D. Kan. 2000). The presumption operates as follows:

> Once the presumption is invoked, the burden of production shifts to the defendant. However, the burden of persuasion regarding risk-of-flight and danger to the community always remains with the government. The defendant's burden of production is not heavy, but some evidence must be produced. Even if a defendant's burden of production is met, the presumption remains a factor for consideration by the district court in determining whether to release or detain.

Stricklin, 932 F.2d at 1354-55 (citations omitted).

Count two of the indictment charges defendant with conspiracy "to distribute controlled substances" in violation of 21 U.S.C. § 846. Count thirty-six charges defendant with possession with intent to distribute 175 grams of methamphetamine in violation of 21 U.S.C. § 841(a)(1). Defendant is also charged with using a facility, i.e. the telephone, to commit a felony, firearm and ammunition possession. (Doc. 111, counts 13, 23, 26-27, 37-40). Count two alone charges an offense under the Controlled Substances Act that carries a maximum term of imprisonment of ten years or more.

Defendant's initial "burden of production ... is to offer some credible evidence contrary to the statutory presumption." United States v. Walters, 89 F. Supp.2d at 1220. Of course, the burden of proof remains with the government to show there is no condition or

combination of conditions that would reasonably assure the accused's presence in later proceedings and/or the safety of other persons and the community.  <u>Lutz</u>, 207 F. Supp.2d at 1251.  Defendant has failed to meet his burden of production.  Defendant has merely proffered that he will live with his father, attend drug treatment and obtain a job. The court is not persuaded.  Defendant did not seek employment after first indictment was dismissed.  Moreover, defendant sought treatment previously but has now been charged with possession since treatment. In addition to being charged with intent to distribute a large quantity of methamphetamine defendant, upon his arrest, was in possession of a semi-automatic pistol and ammunition.

The court finds that no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of any other person and community.  Accordingly, defendant's motion to amend or revoke the detention order (Doc. 118) is denied.

### III. CONCLUSION

Defendant's motion to dismiss (Doc. 107) and motion to amend or revoke the detention order (Doc. 118) are denied.

IT IS SO ORDERED.

Dated this <u>  4th  </u> day of April 2006, at Wichita, Kansas.

<u>s/ Monti Belot                    </u>
Monti L. Belot
UNITED STATES DISTRICT JUDGE